# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLYNIS BETHEL,** | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action 10-0142-WS-C |
| **JUDY A. NEWCOMB, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint under 42 U.S.C. § 1983 and 18 U.S.C. § 242. Her action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Upon review the Court's file in this action, it is recommended that this action be dismissed without prejudice for failure to comply with the Court's order and to prosecute this action.

Because plaintiff filed a motion to proceed without prepayment of fees (Doc. 2), the Court screened plaintiff's complaint (Doc. 1), as it is required to do under 28 U.S.C. § 1915. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). During the screening of plaintiff's complaint, the Court discovered that the complaint was not signed and that information was needed to clarify the complaint. (Doc. 5). Therefore, on April 23, 2010, the Court ordered plaintiff, on or before May 25, 2010, to sign and return her complaint to the Court and to answer the interrogatories that the Court was propounding to her.

(Id.). Plaintiff was warned that her failure to comply with the Court's order within the prescribed time would result in the dismissal of her action for failure to prosecute and to obey the Court's order. (Id.). To date, plaintiff has not complied with the Court's order, nor has she filed another document in this action.[1]

Due to plaintiff's failure to comply with the Court's order and to prosecute this action, the Court recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir.) (The court "has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."), cert. denied, 549 U.S. 1228 (2007); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and noting cases where this type of dismissal has been conflated

---

[1] In a prior action, Bethel v. Mack, CA 10-0099-KD-M (S.D. Ala. June 2, 2010), filed on March 1, 2010, plaintiff appears to be complaining about the same state-court action that she complains of in the present action. In the prior action the Court propounded interrogatories to plaintiff on March 25, 2010. (Doc. 3). Plaintiff's answers were filed on April 23, 2010. (Doc. 5). A Report and Recommendation was entered on May 14, 2010, recommending the dismissal without prejudice of her federal claims, for lack of subject matter jurisdiction, and of her state-law claims. (Doc. 7). Plaintiff filed an objection on May 27, 2010 (Doc. 8), (which is two days after the expiration of the period for complying with the present action's order requiring that she sign and return the complaint and file answers to the Court's interrogatories). After considering plaintiff's objection, the District Judge adopted the report and recommendation and ordered the action's dismissal on June 2, 2010. (Doc. 10).

with a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 21st day of June, 2010.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).